IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARCO ANTONIO ALTAMIRANO ENRIQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, in his official capacity; TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; EVAN TJADEN, Acting ICE Field Officer Director, in his official capacity; UTAH COUNTY; MIKE SMITH, Sheriff of Utah County and Warden of the Utah County Jail, in his official capacity; and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Defendants. | **ORDER SETTING BRIEFING SCHEDULE**<br><br>Case No. 2:26-cv-00858<br><br>Judge Tena Campbell |

Before the court are the Plaintiff's amended motions for a temporary restraining order and for a preliminary injunction. (ECF Nos. 22 & 23.) On September 24, 2026, the court held a status conference at which the Defendants represented that Plaintiff Marco Antonio Altamirano Enriquez is being held in state custody on state charges and due to an immigration detainer issued on the basis of the Laken Riley Act. (Min. Entry, ECF No. 28.) As requested by the court, the federal Defendants have filed a copy of the immigration detainer. (ECF No. 26-1.) Mr. Altamirano Enriquez has filed a response to that detainer in which he maintains that the

Laken Riley Act does not apply to him and, to the extent the court finds otherwise, that the Act is unconstitutional. (Pl.'s Suppl. Mem., ECF No. 27.) The Defendants have not yet had an opportunity to file written submissions responding to these arguments.

In his motion for a preliminary injunction, Mr. Altamirano Enriquez raises several other arguments about the lawfulness of immigration detainers. At the status conference, counsel for Utah County and Mike Smith, the Sheriff of Utah County (the state Defendants), represented that the state Defendants would require several weeks to respond to these arguments. In contrast, counsel for the federal Defendants represented that the federal Defendants could prepare a response within a few days if necessary.

The court finds that the parties need adequate time to brief the issues presented by the motion for preliminary injunction. But the court is concerned about whether Mr. Altamirano Enriquez must remain in custody while the court considers these issues. The parties confirmed at the status conference that, but for the questions surrounding his immigration status, Mr. Altamirano Enriquez would otherwise be entitled to release on bond pending a resolution of his state charges.

Before considering full briefing on the issues raised in the Plaintiff's motion for preliminary injunction, the court will therefore decide whether Mr. Altamirano Enriquez may properly be detained under the Laken Riley Act and any other arguments the Defendants wish to raise about why detention is appropriate while this action proceeds.

**ORDER**

For the foregoing reasons, the court ORDERS as follows:

1. The Defendants must file any responses to the Plaintiff's Amended Motion for a Temporary Restraining Order (ECF No. 22) and to the arguments raised in the Plaintiff's Supplemental Memorandum (ECF No. 27) by September 30, 2026.

2. The Plaintiff may file a reply by October 2, 2026.

3. The court will set an additional briefing schedule on the Plaintiff's Amended Motion for Preliminary Injunction (ECF No. 23) after determining whether Mr. Altamirano Enriquez should remain in custody pending the court's resolution of that motion.

DATED this 25th day of September, 2026.

BY THE COURT:

Tena Campbell
United States District Judge